# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0525 | **DATE** | January 30, 2012 |
| **CASE TITLE** | U.S. ex rel. Kenny Gilkey (#K-68971) v. Warden Anglin | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion to proceed *in forma pauperis* [#3] is denied without prejudice as incomplete. Additionally, Petitioner is ordered to file a brief that explains why his habeas petition should not be dismissed as time-barred. Failure to file the brief within 21 days of the date of this order will result in summary dismissal of this petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Kenny Gilkey, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2000 Illinois state conviction for attempted first degree murder and aggravated battery with a firearm on the grounds of prosecutorial misconduct, ineffective assistance of counsel, and a constitutional challenge to the statutes governing his sentence.

The Clerk has accepted this *pro se* petition for docketing under Federal Rule of Civil Procedure 5(e), but the petition does not comply with the applicable rules. An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. *See* 28 U.S.C. § 1915(a)(2). Here, Petitioner's *in forma pauperis* petition is not certified, does not show Petitioner's trust account balance, and is not accompanied by copies of his prison trust fund ledgers.

If Petitioner wants to proceed with this lawsuit, he must submit a certified *in forma pauperis* petition showing his current trust account balance. The Clerk will mail Petitioner a form petition. Failure to submit the *in forma pauperis* petition, or to pay the statutory filing fee of $5.00 required for habeas cases, within 21 days of the date of this order will result in summary dismissal. *See Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988).
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

Additionally, Petitioner is ordered to file a brief that explains why his petition for a writ of habeas corpus should not be dismissed as untimely, even if he is granted *in forma pauperis* status or pays the filing fee. Under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period starts to run from the latest of the following: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* "The time period during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

Here, the Illinois Supreme Court denied Petitioner's request for direct review in 2003. Petitioner initiated state collateral proceedings on May 16, 2003, which were ultimately denied and affirmed by the state supreme court sometime in 2009. Thus, at the latest, even tolling the 1-year limitations period during the pendency of the state post-conviction review, the limitations period has apparently expired because the habeas petition was mailed on or around January 19, 2012, according to the post-mark on the envelope. *See* R. 1.

Accordingly, the petition appears to be time-barred, and Petitioner is ordered to show good cause in writing why the petition should not be dismissed even if he was granted *in forma pauperis* status or he paid the filing fee. Failure to file the explanation within 21 twenty-one days of the date of this order will result in summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases.