Order Form (01/2005)

# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Edmond E. Chang | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0525 | **DATE** | April 9, 2012 |
| **CASE TITLE** | U.S. ex rel. Kenny Gilkey (#K-68971) v. Warden Anglin | | |

**DOCKET ENTRY TEXT:**

Petitioner has submitted a properly completed application to proceed *in forma pauperis* [#9], and has paid the statutory filing fee. The ifp application is granted. Petitioner has also responded to the order of 1/30/2012, ordering him to show cause as to why his petition for habeas relief should not be dismissed as untimely. Based on a review of the submission, Respondent is ordered to answer or otherwise plead by 05/09/12. Petitioner may reply to the Answer by 06/06/12. To track the case, as status hearing is set for 07/05/12 at 8:30 a.m. Petitioner's motion for appointment of counsel [#4] is denied. On the Court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party.

■ [For further details see text below.]                                               Docketing to mail notices.

# STATEMENT

On January 30, 2012, this Court ordered Petitioner to submit a properly completed and certified application to proceed *in forma pauperis*, or pay the statutory filing fee, and to show cause as to why his petition for habeas relief should not be dismissed as untimely. Petitioner has both submitted a properly completed and certified i.f.p. application and paid the statutory filing fee. Petitioner's motion to proceed i.f.p. is granted as he has made a sufficient showing of indigence.

Petitioner has submitted a response indicating that he has little formal education, essentially arguing for equitable tolling due to an ignorance of the law governing federal habeas actions. However, "[m]istakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling." *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006). Accordingly, Petitioner is not entitled to equitable tolling.

Petitioner also pleads that he had a motion for reduction of sentence pending between 2009 and January 4, 2012, and attaches supporting documentation, including correspondence from the Illinois State Supreme Court, indicating that the mandate issued (denying Petitioner's leave to appeal his post-conviction matter) on January 4, 2012. It is unclear from the materials submitted whether Petitioner's petition is timely, but the materials submitted sufficiently establish enough reason to orders Respondent to respond within 30 days of the date that this order is entered on the Court's docket. Additionally, Petitioner indicates that he has exhausted state court remedies with respect to the claims raised in his federal habeas petition. This preliminary order to respond does not, of course, preclude the State from making whatever timeliness, exhaustion, or default arguments it may wish to present. If Respondent plans on seeking dismissal of the petition, then it should simply label its pleading as an "Answer to the Petition," See Rule 5 of the Rules Governing Habeas Corpus Cases, and makes its arguments therein, rather than file a motion (Petitioner is incarcerated and would not be able to appear at a presentment hearing).

**(CONTINUED)**

AWL

## STATEMENT

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the Court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any Court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Petitioner.

Petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider Respondent's answer to the petition.

Finally, on the Court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996), *cert. denied*, 520 U.S. 1171 (1997) (a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. In this case, Petitioner is not challenging a future sentence, but rather his present confinement. Therefore, Illinois' Attorney General is not a proper party.